IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARSHALL D. MOYD,

    Petitioner,

v.                                                                         Civil Action No. **3:15CV14**

**DIRECTOR, VA DOC,**

    Respondent.

## MEMORANDUM OPINION

Marshall D. Moyd, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1) challenging his conviction in the Circuit Court of the City of Virginia Beach, Virginia ("Circuit Court"). In his § 2254 Petition, Moyd argues entitlement to relief based upon the following grounds:

    **Claim One:** Appellate counsel rendered ineffective assistance "when he failed to assign as error to the Court of Appeals of Virginia the court's ruling denying [Moyd's] motion for a change of venue due to widespread prejudice against the petitioner in the community." (Mem. Supp. § 2254 Pet. 1.)

    **Claim Two:** Appellate counsel rendered ineffective assistance "when he failed to assign as error to the Supreme Court of Virginia the Court of Appeals' ruling that the evidence was sufficient to prove [Moyd] committed first-degree murder, robbery, use of a firearm in the commission of a felony, and possessed or used a sawed-off shotgun." (*Id.* at 1-2.)

Respondent moves to dismiss the § 2254 Petition on the grounds that Moyd's claims lack merit. Moyd has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

A jury convicted Moyd of first-degree murder, robbery, two counts of use of a firearm in the commission of a felony, and possession or use of a sawed-off shotgun. *Commonwealth v. Moyd*, No. CR09-0238, at 1 (Va. Cir. Ct. Feb. 2, 2012). The Circuit Court sentenced Moyd to sixty-eight years of incarceration. *Id.* at 1-2. The Court of Appeals of Virginia granted a portion of Moyd's petition for appeal on his challenge that "[t]he trial court abused its discretion by striking a juror for cause without first conducting a voir dire of the potential juror to ascertain any potential bias." *Moyd v. Commonwealth*, No. 0317-12-1, at 1 (Va. Ct. App. Aug. 6, 2012). The Court of Appeals denied the petition for appeal on Moyd's remaining four challenges. *Id.* at 2-6. The Court of Appeals of Virginia subsequently found Moyd's challenge lacked merit and affirmed his conviction. *Moyd v. Commonwealth*, No. 0317-12-1, 2013 WL 599877, at *1-2 (Va. Ct. App. Feb. 19, 2013). The Supreme Court of Virginia refused Moyd's petition for appeal. *Moyd v. Commonwealth*, No. 130318, at 1 (Va. July 23, 2013).

Moyd filed a petition for a writ of habeas corpus in the Supreme Court of Virginia raising the two ineffective assistance claims in the instant § 2254 Petition. *See* Memorandum of Law at 1–6, *Moyd v. Dir., Va. Dep't of Corr.*, No. 140855 (Va. filed May 30, 2014). Finding that Moyd failed to demonstrate ineffective assistance of appellate counsel, the Supreme Court of Virginia dismissed his petition. *Moyd v. Dir. of the Dep't of Corr.*, No. 140855, at 1–8 (Va. Nov. 25, 2014).

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996

2

further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### III.  SUMMARY OF THE EVIDENCE

In order to understand the meritless nature of Moyd's claims, the Court first provides the evidence against Moyd. The Court of Appeals of Virginia found sufficient evidence existed to convict Moyd of first-degree murder, robbery, two counts of use of a firearm in the commission of a felony, and possession or use of a sawed-off shotgun. The Court of Appeals aptly summarized the law and evidence of Moyd's guilt as follows:

> "A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." *Brown v. Commonwealth*, 130 Va. 733, 736, 107 S.E. 809, 810 (1921). It must be shown that the defendant procured, encouraged, countenanced, or approved commission of the crime. *Augustine v. Commonwealth*, 226 Va. 120, 124, 306 S.E.2d 886, 888-89 (1983). "To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal." *Triplett v. Commonwealth*, 141 Va. 577, 586, 127 S.E. 486, 489

3

(1925); *see also Moehring v. Commonwealth*, 223 Va. 564, 567, 290 S.E.2d 891, 892 (1982).

> We have defined "concert of action" as an "action that has been planned, arranged, adjusted, agreed on and settled between the parties acting together pursuant to some design or scheme." All participants in such planned enterprises may be held accountable for incidental crimes committed by another participant during the enterprise even though not originally or specifically designed.

*Berkeley v. Commonwealth*, 19 Va. App. 279, 283, 451 S.E.2d 41, 43 (1994) (quoting *Rollston v. Commonwealth*, 11 Va. App. 535, 542, 399 S.E.2d 823, 827 (1991)).

The victim, an undercover detective, had arranged to make a covert marijuana purchase from appellant. The victim wore an audio device, and officers located nearby could hear the encounter with appellant. The victim was seated in a parked truck when appellant approached on foot. Appellant told the victim he needed to obtain the marijuana. Appellant then left the truck and met with Carter, his codefendant. Appellant was observed talking to Carter for about fifteen minutes before he returned to the victim's truck. Appellant advised the victim his "man" was bringing the marijuana. Carter arrived at the parked truck in an SUV that was often used by appellant. He exited the vehicle and shot the victim. Appellant exited the victim's truck and fled in the SUV. He later fled the SUV on foot. When appellant was apprehended by officers, he said, "You might as well just shoot me now because we did it."

A sawed-off shotgun was recovered from the area where appellant fled on foot. Appellant admitted he handled the gun earlier in the evening. Appellant told Coerse that before he met the victim at the agreed location, Carter put the shotgun and another gun into the SUV and said they might need them later. The SUV also contained a backpack with a mask and gloves. No marijuana was found in the SUV or at the residences of the two defendants. Officers arrested Carter at the truck as he was trying to grab the cash the victim had brought with him.

Whether a hypothesis of innocence is reasonable is a question of fact, *see Cantrell v. Commonwealth*, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong, *see Martin v. Commonwealth*, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Appellant argued he believed he was participating in only a drug deal. However, from the evidence presented, the jury could have concluded appellant shared in the intent to rob the victim and the murder was an incidental crime committed by Carter, which may not have been originally or specifically designed, but for which appellant could be held accountable under the theory of concert of action. *See Berkeley*, 19 Va. App. at 283, 451 S.E.2d at 43. The evidence showed no marijuana was recovered from the scene, the codefendants took guns to the drug transaction, appellant arranged the meeting with the victim, he drove Carter and the guns to the specified location, and he met with the victim prior to the shooting. From the evidence presented, the jury could conclude beyond a reasonable doubt that appellant committed the charged offenses.

*Moyd v. Commonwealth*, No. 0317-12-1, at 4-6 (Va. Ct. App. Aug. 6, 2012).

## IV. INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Claim One

In Claim One, Moyd faults appellate counsel for "fail[ing] to assign as error to the Court of Appeals of Virginia the [Circuit C]ourt's ruling denying [Moyd's] motion for a change of venue due to widespread prejudice against the petitioner in the community." (Mem. Supp. § 2254 Pet. 1.) Moyd argues that there was extensive local media coverage surrounding the murder. (*Id.* at 3.) Accordingly, Moyd contends that counsel should have appealed the Circuit Court's denial of his motion to change venue. (*Id.* at 3-4.)

Moyd raised this claim in his state habeas petition and the Supreme Court of Virginia rejected this claim, finding:

> The Court holds that [this] claim . . . satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). The record, including the affidavit of counsel, demonstrates that counsel considered raising the venue claim, but decided this claim was weak and decided to raise five other stronger claims on appeal to the Court of Appeals of Virginia. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Moyd v. Dir., Va. Dep't of Corr*, No. 140855, at 1-2 (Va. Nov. 25, 2014). Moyd fails to demonstrate the Supreme Court of Virginia's conclusion is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)-(2).

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

In the petition for appeal, counsel raised five assignments of error, including one claim that the Court of Appeals of Virginia granted and ordered further briefing on.[1] Counsel explains that

> [t]he trial court's decision whether to grant a motion for change of venue is reviewed for abuse of discretion. *Cressel v. Commonwealth*, 32 Va. App. 744, 753, 531 S.E.2d 1, 8 (2000). I found no evidence in the record of this case to support a non-frivolous claim of abuse of discretion by the trial judge on this issue.
> 
> Instead, I concentrated my research and legal arguments on Mr. Moyd's behalf on the five strongest legal arguments that existed in his case. . . . I conducted an exhaustive review of the record in Moyd's case, and identified matters that could be raised on appeal from all stages of his trial . . . . The five issues raised were the only non-frivolous matters that could arguably be addressed on appeal.

Motion to Dismiss Ex. C, at 1-2 ("Dolph Decl."), *Moyd v. Dir., Va. Dep't of Corr*, No. 140855 (Va. filed Aug. 19, 2014). Moyd simply fails to demonstrate that the argument that the Circuit Court erred by denying his motion for change of venue was stronger than the arguments that counsel chose to advance on appeal.

"A change of venue is required as a matter of constitutional law only when the jury pool is tainted 'by so huge a wave of public passion' that the impaneling of an impartial jury is impossible." *Mu'Min v. Pruett*, 125 F.3d 192, 199 (4th Cir. 1997) (citing *Irvin v. Dowd*, 366 U.S. 717, 728 (1961)); *Mu'Min v. Virginia*, 500 U.S. 415, 427-28 (1991). "To show that he was denied a fair or an impartial jury due to adverse pre-trial publicity, a petitioner must ordinarily demonstrate an actual, identifiable prejudice attributable to that publicity on the part of members

---

[1] On appeal, counsel raised the following assignments of error: (1) "The trial court abused its discretion by striking a juror for cause without first conducting a voir dire of the potential juror to ascertain any potential bias." *Moyd*, No. 0317-12-1, at 1; (2) "[T]he trial court abused its discretion by denying his motion for a mistrial." *Id.* at 2; (3) "[T]he trial court abused its discretion by refusing to admit evidence of statements made by appellant's codefendant." *Id.* at 3; (4) "[T]he evidence was insufficient to prove he committed first-degree murder, robbery, use of a firearm in the commission of a felony, and possessed or used a sawed-off shotgun." *Id.* at 4; and, (5) "[T]he trial court abused its discretion by admitting into evidence photographs of the victim at the sentencing proceeding." *Id.* at 6.

7

of his jury." *Hargrave v. Landon*, 584 F. Supp. 302, 305 (E.D. Va. 1984) (citing *Irvin*, 366 U.S. at 723).

Here, the Circuit Court reserved ruling on the motion for a change of venue until impaneling the jury. (Sept. 28, 2011 Tr. 5-6.) The Circuit Court conducted an extensive voir dire of the jury panel to find jurors who could render a fair and impartial verdict. (Oct. 18, 2011 Tr. 48-306); *see Mu'Min*, 500 U.S. at 427 (explaining that the trial court has wide discretion in conducting voir dire about pretrial publicity and other areas that might tend to show juror bias); *Briley v. Commonwealth*, 279 S.E.2d 151, 154 (Va. 1981) (explaining that determinative issue is not whether a juror has been exposed to pretrial publicity, but whether he "can lay aside his impression or opinion and render a verdict based upon the evidence presented in court.") Moyd's co-defendant, who was charged with capital murder, had been convicted and sentenced some six months prior to the start of Moyd's trial. (Oct. 18, 2011 Tr. 18.) The Circuit Court asked each potential juror if he had acquired any information about the offenses through the media. (Oct. 18, 2011 Tr. 64-68.) The Circuit Court also ascertained whether each potential juror had "expressed or formed any opinion as to the guilt or innocence of the accused" or whether anyone had a bias against the Commonwealth or Moyd. (Oct. 18, 2011 Tr. 68-69.) The attorneys and the Circuit Court also privately questioned several individuals who previously stated that they had heard about the offenses in the media to ensure they could render a fair and impartial verdict. (*See* Oct. 18, 2011 Tr. 172-75, 195-96, 246-48, 252-55, 259-66, 276-84, 290-91.) Two jurors were struck for cause based on their answers. (Oct. 18, 2011 Tr. 196-99, 287-88.)

Moyd does not allege specific facts suggesting that any particular juror was biased or that his jury as a whole was not impartial. Thus, Moyd fails to demonstrate any deficiency of counsel

or resulting prejudice from counsel's failure to challenge the denial of the motion for change of venue on appeal. Accordingly, Claim One will be DISMISSED.

**B.    Claim Two**

In Claim Two, Moyd faults appellate counsel for "fail[ing] to assign as error to the Supreme Court of Virginia the Court of Appeals' ruling that the evidence was sufficient to prove [Moyd] committed first-degree murder, robbery, use of a firearm in the commission of a felony, and possessed or used a sawed-off shotgun." (Mem. Supp. § 2254 Pet. 1-2.) The Supreme Court of Virginia rejected this claim, finding:

> Petitioner asserts that the evidence proved he only intended to make a "simple drug transaction" on the night of the crimes, and that petitioner was "entirely unaware" that his co-defendant would turn the drug transaction into a violent murder and robbery. Petitioner asserts there was no evidence that he was "seen or heard to be presenting any threat to the victim." Petitioner asserts, therefore, that the evidence was insufficient to prove he committed the violent offenses, and counsel should have raised this claim on appeal to this Court.
> The Court holds that [this] claim . . . satisfies neither the "performance" nor the "prejudice" prong of the two part test enunciated in *Strickland*. The record, including the trial transcript, demonstrates that petitioner agreed to sell a large quantity of marijuana to the victim and arranged to meet him in a parking lot. When petitioner arrived, on foot, he told the victim he had left the marijuana at home and would go get it. Petitioner left, but instead of returning home, he met with his codefendant, Ted Carter. Petitioner then returned to the meeting place and told the victim his "man" or "boy" was going to bring the drugs. Carter, driving an SUV, pulled up next to the victim's vehicle. The victim asked petitioner if this was his "boy," and petitioner said no. Carter got out of the SUV, walked up to the victim's window, shot and killed the victim and took his money. Petitioner fled in the SUV and was arrested moments later. When petitioner was apprehended, he said, "You might as well just shoot me now because we did it." Carter was arrested at the scene. Police recovered a sawed-off shotgun and a handgun. Petitioner admitted he had handled the firearms earlier that evening and that Carter put them in the SUV before they went to meet the victim, saying "they might need those later." No marijuana was ever found.
> A person assisting his confederate to commit a crime is accountable for all crimes by the confederate in furtherance of the criminal enterprise, even though the person may never have intended for the additional felonies to be committed. *Carter v. Commonwealth*, 232 Va. 122, 126-27, 348 S.E.2d 265, 267 68 (1986). Counsel could have reasonably concluded that a challenge to the sufficiency of the evidence would be unsuccessful in this Court. The selection of issues to

9

address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones*, 463 U.S. at 751-52. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

*Moyd*, No. 140855, at 2-4. Moyd fails to demonstrate the Supreme Court of Virginia's conclusion is incorrect, much less unreasonable. *See* 28 U.S.C. § 2254(d)(1)-(2).

Counsel explains that "the issue of the sufficiency of the evidence was not appealed to the Supreme Court because I could not have reasonably asserted that either a substantial constitutional question or a matter of significant precedential value was involved. As such, it would have been inappropriate for me to appeal that particular issue to the Supreme Court." (Dolph Decl. 2.) As explained by the Court of Appeals of Virginia on direct appeal, and then the Supreme Court of Virginia in reviewing Moyd's habeas petition, the evidence at trial was more than sufficient for a jury to conclude that Moyd acted as a principal in the second degree. Under Virginia law, "[i]n the case of every felony, every principal in the second degree . . . may be indicted, tried, convicted and punished in all respects as if a principal in the first degree . . . ." Va. Code Ann. § 18.2-18 (2015). "[A] principal in the second degree to a capital murder shall be indicted, tried, convicted and punished as though the offense were murder in the first degree." *Id.* "A principal in the second degree is one who 'consented to the felonious purpose' of the perpetrator and 'contributed to [the] execution [of that felony].'" *Jones v. Everette*, No. 3:09CV215, 2010 WL 1225650, at *5 n.8 (E.D. Va. Mar. 29, 2010) (alterations in original) (quoting *McMorris v. Commonwealth*, 666 S.E.2d 348, 350 (Va. 2008)). Here, Moyd's conduct must consist of "'inciting, encouraging, advising or assisting'" in the murder and robbery. *Id.* (quoting *Rollston v. Commonwealth*, 399 S.E.2d 823, 825 (Va. Ct. App. 1991)). More than sufficient evidence existed for a reasonable jury to conclude that Moyd was present and assisted

in the murder and robbery of the victim. Thus, after the Court of Appeals determined that the challenge to the sufficiency of the evidence lacked merit, counsel reasonably eschewed appealing that court's determination to the Supreme Court of Virginia. Moyd fails to demonstrate deficiency of counsel or resulting prejudice, and Claim Two will be DISMISSED.

## V. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Moyd's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Moyd fails to meet this standard.

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: June 3, 2015
Richmond, Virginia